UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH DALE HEATHCOAT,

    Petitioner,                                                    Civil Action No. 10-CV-10828

v.                                                                             HON. BERNARD A. FRIEDMAN

SHERRY BURT,

    Respondent.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Kenneth Dale Heathcoat, presently incarcerated at the Parnall Correctional Facility in Jackson, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for three counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a); and for being a second felony habitual offender, Mich. Comp. Laws § 769.10. For the reasons stated below, the court shall dismiss the petition without prejudice.

**I. Background**

Petitioner was convicted of the above offenses following a jury trial in St. Clair County Circuit Court. Petitioner's conviction was affirmed on direct appeal by the Michigan Court of Appeals. *See People v. Heathcoat,* No. 143343 (Mich. Ct. App. Dec. 3, 1993). His application for leave to appeal was rejected by the Michigan Supreme Court as being untimely. *See* Letter from Corbin R. Davis, Clerk of the Michigan Supreme Court, dated March 1, 1994, attached to the petition for writ of habeas corpus.

On June 17, 2009, petitioner filed a post-conviction motion for relief from judgment

with the trial court, pursuant to MCR 6.500, *et. seq.* The trial court denied the motion. *See People v. Heathcoat,* No. 90-002046-FC (St. Clair County Cir. Ct., July 1, 2009). Petitioner does not allege that he has appealed the denial of his post-conviction motion to the Michigan Court of Appeals or to the Michigan Supreme Court. In fact, petitioner has attached to his petition a letter that he sent to St. Clair County Circuit Court on July 12, 2009, following the denial of his post-conviction motion by that court, in which he requested the appointment of appellate counsel. In addition, this court has reviewed the Michigan Court of Appeals' internet website and there is no indication that petitioner has filed an appeal from the denial of his post-conviction motion. A search of Westlaw has also failed to reveal any cases filed by petitioner in the Michigan Court of Appeals or the Michigan Supreme Court following the denial of his post-conviction motion.

## II. Discussion

The instant petition is subject to dismissal because it contains claims which have yet to be exhausted with the state courts. A prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. *See* 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). A petitioner must present each ground to both state appellate courts, even where the state's highest court provides only discretionary review. *See Regan v. Hoffner,* 209 F. Supp.2d 703, 710, n.3 (E. D. Mich. 2002). A federal district court should generally dismiss a petition for writ of habeas corpus that contains any unexhausted claims. *See Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982); *Regan,* 209 F. Supp.2d at 710 n.3. Petitioner has failed to allege or show that he has exhausted his state court remedies with respect to the claims that he raised in his state post-conviction motion. This makes his petition subject to dismissal.

2

Petitioner's claims are unexhausted because he raised these claims in his post-conviction motion, but has not yet appealed the denial of his post-conviction motion to the Michigan appellate courts. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. *See Wagner v. Smith,* 581 F. 3d 410, 414 (6th Cir. 2009). Because petitioner has failed to complete the appellate process for his post-conviction motion, he has failed to satisfy the exhaustion requirement. Accordingly, the Court will dismiss the petition without prejudice.

The court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The applicant must show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, reasonable jurists could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, as here, no appeal would be warranted. *See id.*

Finally, the court shall also deny petitioner leave to appeal *in forma pauperis* because

the appeal would be frivolous. *See Dell v. Straub,* 194 F. Supp.2d 629, 659 (E.D. Mich. 2002).

### III. ORDER

For these reasons,

IT IS ORDERED that the petition in this matter is dismissed without prejudice.

IT IS FURTHER ORDERED that no certificate of appealability shall issue.

IT IS FURTHER ORDERED that petitioner may not proceed on appeal *in forma pauperis*.

        S/Bernard A. Friedman\
        BERNARD A. FRIEDMAN\
        SENIOR UNITED STATES DISTRICT JUDGE

Dated: March 10, 2010\
      Detroit, Michigan

I hereby certify that a copy of the foregoing document was served upon counsel of record by electronic and/or first-class mail.

        S/Felicia Moses forCarol Mullins\
        Case Manager to Judge Bernard A. Friedman